IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS, LLC on behalf of itself and all those similarly situated 20525 Center Ridge Road, Ste 148 Rocky River, OH  44116 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. JUDGE **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Plaintiff, | | |
| -vs- | | |
| BANKROLL CAPITAL, INC. 500 Technology Drive, Suite 350 Irvine, CA  92618 | | |
| Defendant. | | |

Now comes Plaintiff River Chiropractic and Wellness ("Plaintiff"), on behalf of itself and all those similarly situation, and for its class action complaint against Defendant Bankroll Capital, Inc. ("Defendant"), alleges and states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by Plaintiff, on behalf of itself and all those similarly-situated, against the named Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), which prohibits the use of facsimile machines to send unsolicited advertisement to businesses and individuals without the express permission of the recipient, and which creates a private right of action to redress violations thereof.  Congress has found that such unwanted automated communications are a "nuisance and an invasion of privacy, regardless of the type of call." *Id.*

## PARTIES

2.      Plaintiff is an Ohio business entity engaged in providing Chiropractic and health services.

3.      Defendant is a California corporation, with its principal place of business in Irvine, California.

4.      Defendant is not registered to do business in Ohio but does business here, nonetheless.

5.      Defendant is in the business for providing business loans.

6.      Defendant also does business using the name simply as "Bankroll."

7.      Defendant markets its products nationally and uses fax advertisements as part of its marketing strategy.

8.      Defendant operates the website www.bankroll.io.

## JURISDICTION

9.      This Court has jurisdiction 28 U.S.C. §1331 and 47 U.S.C. §227.

10.     Venue is proper in this District because Defendant directed its conduct at the Northern District of Ohio and caused Plaintiff's injury occurred here.

## FACTS

11.     On or about July 24, 2018, Plaintiff received a facsimile on its fax machine from Defendant.  A true and accurate copy of the fax is attached hereto as Exhibit 1.

12.     The form fax was one page long, and it offered a $250,000 line of credit to Plaintiff.

13.     The fax contained a call back number of 440-965-6238, which it claimed to be a cell phone number for a person named "Joshua."

14.     On information and belief, Defendant has no employees in Ohio, and the area code and number were spoofed (faked) and were forwarded to a number in Orange County, CA, where Defendant is located.

15.     That number is used and maintained by Defendant.

16.     Plaintiff had no business relationship with Defendant, did not give Defendant its number, and had not consented to be sent the fax.

17.     No opt out notice was provided as required on all faxes.

18.     On information and belief, Defendant continues to send similar facsimiles nationwide without prior consent to do so.

19.     Plaintiff was damaged by these faxes by suffering a monetary loss due to the faxes, incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to review the fax, invasion of privacy, nuisance, interruption of work, trespass to its chattel by interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

## CLASS ALLEGATIONS

20.     Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> A. All person in the United States (1) who received a facsimile from or on behalf of Defendant offering loans or lines of credit, (2) who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant or where the facsimiles did not

provide opt out language, (3) within the six years prior to the filing of

the Complaint until the class is certified.

21.     Numerosity: The exact number of the number of class members is unknown and is

not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class

likely consists of thousands of individuals and businesses. Class members can be easily identified

through Defendant's or its agents' records.

22.     Commonality and Predominance: There are many questions of law and fact

common to the claims of Plaintiff and other members of the Class, and those questions predominate

over any questions that may affect individual members of the Class. Common questions for the

Class include but are not limited to the following:

a)      Whether Defendant sent the faxes or had them sent on its behalf;

b)      Whether Defendant had consent;

c)      Whether Defendant has processes in place to prevent these facsimiles;

d)      Whether Defendant's conduct was willful;

e)      Whether Defendant's facsimiles were solicitations; and

f)      Whether Defendant's conduct constitutes a violation of the TCPA.

23.     Typicality: Plaintiff's claims are typical of the claims of other Class members and

it sustained the same damages as other members of the Class as a result of Defendant's actions.

24.     Adequate Representation: Plaintiff will fairly and adequately represent and protect

the interests of the Class and has retained counsel competent and experienced in complex litigation

and class actions including TCPA cases. Plaintiff has no interests antagonistic to the Class, and

Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously

prosecuting this action on behalf of members of the Class and have the financial resources to do so.

25.     Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

## FIRST CLAIM FOR RELIEF
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     The TCPA expressly prohibits unsolicited fax advertising, 47 U.S.C. § 227(b)(1)(C).

33.     Defendant violated this provision by sending an unsolicited fax to Plaintiff and class members.

34.     As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth in paragraph 13 above.

35.     Pursuant § 227(b)(3)(B), Plaintiff and members of the class are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

36.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class to $1,500 per call.

## PAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

5

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B.  Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.  An award of actual and statutory damages;

D.  Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F.  Awarding such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*Attorney for Plaintiff*

6