IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC, | ) ) ) | CASE NO. 1:20-cv-00688 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) | |
| -vs- | ) ) | **MOTION FOR STAY OF THE** |
| | ) | **COURT'S NOVEMBER 17, 2020** |
| BANKROLL CAPITAL, INC. | ) | **ORDER REQUIRING** |
| | ) | **PLAINTIFF TO FILE A** |
| Defendant. | ) | **MOTION FOR DEFAULT** |
| | ) | **JUDGMENT AND SETTING A** |
| | ) | **DEFAULT JUDGMENT** |
| | ) | **HEARING** |

NOW COMES Plaintiff, River Chiropractic and Wellness Center, LLC ("River Chiropractic"), by and through counsel, and hereby moves this Court for a stay of its November 17, 2020 Order that River Chiropractic should file a motion for default judgment at this time and for a stay of the default judgment hearing set for December 17, 2020.  (Doc #: 11).  By this docket entry River Chiropractic understands that the Court is ordering it to file a motion for default judgment at the present time.  However, as River Chiropractic cannot comply with this order prior to the Court's ruling on its Motion for Class Certification, that is being filed contemporaneously herewith, without jeopardizing the interests of the class it seeks to represent, River Chiropractic respectfully requests that that this Court's order be stayed until after the Court's ruling on the Motion for Class Certification and until River Chiropractic has had an opportunity to conduct class (and if necessary move to compel) discovery.

1

## RELEVANT FACTUAL & PROCEDURAL HISTORY

On April 1, 2020, River Chiropractic filed a Class Action Complaint against the Defendant, Bankroll Capital, Inc. ("Bankroll"), for violations of the Telephone Consumer Protection Act ("TCPA") (Doc #: 1).  Bankroll had sent a marketing fax to River Chiropractic in violation of the TCPA.  By its Class Action Complaint, River Chiropractic sought to represent a class of thousands of others who were likewise victims of Bankroll's unlawful fax marketing practices.

River Chiropractic perfected service upon Bankroll on September 14, 2020 (Doc #: 11).

Contemporaneously, with this motion, Plaintiff in filing an application for entry of default and a motion for class certification.

## LAW & ARGUMENT

Procedurally, a court should rule on class certification, allow discovery to identify class members, and only then entertain a motion for default judgment and damages. *Whitaker v. Bennett Law, PLLC*, 2016 WL 4595520, *1 (S.D.Cal.). "[T]he Court must first determine whether class certification is appropriate before it may decide whether to enter a default judgment in favor of the entire class." *Family Medicine Pharmacy, LLC v. Primed Pharmaceuticals, LLC*, 2016 WL 894141, *1 & fn. 1 (S.D.Ala.), quoting *Aleobua v. United Wellness Cmty., LLC*, 2014 WL 6085692, *1 (E.D. Mich.).

Thus, while a motion for default judgment at this stage would preclude the Court from entering judgment in favor of the class as sought by River Chiropractic, conversely, an entry of default by the Clerk is a proper procedural step and allows the Court to continue determining issues in the case:

> As a threshold matter, the entry of default by the Clerk of the Court against Ji does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the Class to recover damages. The

prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. See *Partington v. Am Int'l Specialty Lines Ins. Co.,* 443 F.3d 334, 340 (4th Cir.2006) (holding that class members could not use a default judgment to establish the class was judgment creditors when the district court never formally certified the class); *Hutchins*, 321 F.3d at 648–49 (holding that the district court improperly awarded class damages when no class had been certified).

However, in cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant. See *Leider v. Ralfe,* 2003 WL 24571746, at *8–13 (S.D.N.Y. Mar. 4, 2003) (conducting class certification analysis following defendant's default and denying certification for failure to meet requirements of Rule 23); *Trull v. Plaza Assocs.*, 1998 WL 578173, at *1, 4 (N.D.Ill. Sept. 3, 1998) (denying without prejudice the certification of a class after defendant's default); *In re Industrial Diamonds Antitrust Litig*., 167 F.R.D. 374, 376 n. 1, 386–87 (S.D.N.Y.1996) (certifying a class against co-defendants after one defendant's default). An entry of default "does not change the fundamental analysis [the district court] must undertake in deciding whether to certify the class." *Trull*, 1998 WL 578173, at *1.

*Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467, 472 (D.Del.2014).

Thus, in a putative class action where the defendant fails to appear, the lead plaintiff should first file a motion for certification, ask the clerk for an entry of default, and only after obtaining a ruling on certification proceed to class discovery and ultimately a ruling for judgment on behalf of the class.  As the court stated in *Skeway*, "As a policy matter, 'any other conclusion might give defendants an incentive to default in situations where class certification seems likely.'" *Id*., quoting *Leider*, 2003 WL 24571746, at *8.  Because this is the procedure that River Chiropractic has to

follow, the Court should appropriately rule on River Chiropractic's Motion for Class Certification and allow the case to follow this procedural course, prior to requiring River Chiropractic to file a motion for default judgment.

## **CONCLUSION**

WHEREFORE, River Chiropractic respectfully asks this Honorable Court to grant this Motion For Stay of the Court's November 17, 2020 Order Requiring Plaintiff to File a Motion for Default Judgment and Setting a Default Judgment Hearing, until the Court has ruled on River Chiropractic's Motion for Class Certification and allowed time for discovery to identify class members.

Respectfully submitted,

*s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, OH 44119
(216) 502-1055 (phone)
(216) 781-1749 (fax)
ronf@ClevelandConsumerLaw.com
mikeb@ClevelandConsumerLaw.com
michaelf@ClevelandConsumerLaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically this 4th day of December 2020 and will be served by operation of the Court's ECF system.  Additionally, a copy of the foregoing was sent via regular U.S. Mail, to the following:

Bankroll Capital, Inc.
c/o Narin Charan, CEO
500 Technology Drive, Suite 350
Irvine, CA 92618

Narin Charan, CEO of Bankroll Capital, Inc.
121 Turquoise
Irvine, CA 92620

<div style="margin-left: 50%;">

_s/ Ronald I. Frederick_

Ronald I. Frederick (#0063609)
Frederick & Berler LLC
_One of the Attorneys for Plaintiff_

</div>