# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC, | ) ) | CASE NO. 1:20-cv-00688 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **MOTION TO COMPEL** |
| BANKROLL CAPITAL, INC. | ) | **DISCOVERY** |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, River Chiropractic and Wellness Center, LLC ("River Chiropractic"), by and through counsel, and moves this Honorable Court for order compelling Defendant Bankroll Capital, Inc. ("Bankroll") to respond to discovery propounded upon it.  The grounds for this motion are more fully set forth in the attached memorandum in support which is hereby incorporated by reference.

Undersigned counsel hereby certified that he has in good faith attempted to confer about this matter with the opposing party prior to filing this motion.

Respectfully submitted,

*s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, OH 44119
(216) 502-1055 (phone)
(216) 781-1749 (fax)
ronf@ClevelandConsumerLaw.com
mikeb@ClevelandConsumerLaw.com
michaelf@ClevelandConsumerLaw.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing with the attachment was filed electronically this 19th day of March 2021 and will be served by operation of the Court's ECF system. Additionally, a copy of the foregoing was sent via regular U.S. Mail and email, to the following:

Bankroll Capital, Inc.
c/o Narin Charan, CEO
500 Technology Drive, Suite 350
Irvine, CA 92618

Narin Charan, CEO of Bankroll Capital, Inc.
121 Turquoise
Irvine, CA 92620
narin@bankroll.io

<div align="right">

*s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler LLC
*One of the Attorneys for Plaintiff*

</div>

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

In order to prepare a proper proposed judgment order in this case in conformity with the Court's order of **March 12, 2021**, Plaintiffs needs to obtain class discovery from the Defendant.

This class action was filed on April 2, 2020.  Service was perfected on September 14, 202.

On **December 4, 2020**, Plaintiff applied for an entry of default and moved for class certification.  Plaintiff also moved to stay matters related to a default *judgment*, pending the Court's determination of the foregoing and class discovery as necessary to any judgment entry.

On **December 7, 202**, this Court granted this stay.

**On January 28, 2021**, this Court made an entry of default and granted class certification.  Whereupon, on **February 5, 2021**, Plaintiff issued the attached discovery.  (Exhibit 1).  In reply, Defendant immediately sent an email, indicating an intention not to participate in discovery, and Plaintiff's counsel sent an email response.  This correspondence is attached as Exhibit 2.

### II.     LAW AND ARGUMENT

The Ohio Supreme Court and the Six Circuit have held:

> Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.

*Cincinnati Bar Assn. v. Marsick,* 81 Ohio St.3d 551, 553 (1998), quoting *Abrahamsen v. Trans-State Express, Inc*., 92 F.3d 425, 428-429 (6th Cir.1996).  See also *Tiedman v. American Pigment Corp*., 253 F.2d 803, 808 (4th Cir.1958) ("a trial is not a sporting event, and discovery is founded upon the policy that search for truth should be aided").  Indeed, "A discovery request raises an obligation to produce the evidence sought."  *Cincinnati Bar Assn.,* 81 Ohio St.3d at 553.

The Federal Rules of Civil Procedure, Fed.R.Civ.P. 37, provide, in pertinent part:

(a)(1) *In General*.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery….
       ***
(3) *Specific Motions*.
    (a) *To compel a discovery response*.  A party seeking discovery may move for an order compelling an answer….  This motion may be made if:

    * * *

    (iii) A party fails to answer an interrogatory submitted under Rule 33;
    (iv) A party fails to produce documents… -- as requested under Civ.R.34.

Here, Plaintiffs' written discovery requests were served in compliance with Ohio Civil Rules 33 and 34.  Well-over 30 days have now passed since Plaintiff propounded discovery, and Defendant has provided no response despite acknowledging receipt of the requests.  Plaintiff requires these responses to move the case forward and to comply with the Court's order of March 12, 2021.  Therefore, Plaintiff moves this Honorable Court for an Order compelling responses to discovery within 7 days of the order and for costs pursuant to Rule.

**III.**    <u>**CONCLUSION**</u>

Based upon the foregoing, Plaintiff respectfully requests that this Honorable Court grant this motion.

Respectfully submitted,

*s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, OH 44119
(216) 502-1055 (phone)
(216) 781-1749 (fax)
ronf@ClevelandConsumerLaw.com
mikeb@ClevelandConsumerLaw.com
michaelf@ClevelandConsumerLaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing with the attachment was filed electronically this 19th day of March 2021 and

will be served by operation of the Court's ECF system.  Additionally, a copy of the foregoing was

sent via regular U.S. Mail and email, to the following:

Bankroll Capital, Inc.
c/o Narin Charan, CEO
500 Technology Drive, Suite 350
Irvine, CA 92618

Narin Charan, CEO of Bankroll Capital, Inc.
121 Turquoise
Irvine, CA 92620
narin@bankroll.io

*s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler LLC
*One of the Attorneys for Plaintiff*

−5−

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

RIVER CHIROPRACTIC AND WELLNESS )   CASE NO. 1:20-cv-00688
CENTER, LLC, )
                                   )   JUDGE DONALD C. NUGENT
        Plaintiff, )
                                     )
      -vs- )
                                       )   **PLAINTIFF'S COMBINED SET OF**
BANKROLL CAPITAL, INC. )   **DISCOVERY RELATED TO CLASS**
                                     )   **CERTIFICATION**
        Defendant. )

Now comes Plaintiff River Chiropractic and Wellness Center, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 26, 33, 34, and 36 propounds the following Admissions, Interrogatories, and Requests for Production of Documents, Electronically Stored Information and Tangible Things upon Defendant Bankroll Capital, Inc. (hereinafter "Bankroll") to be answered fully, in writing and under oath, within thirty days (30) days from the time of service thereof.

These discovery requests shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial.

Please note that the following Definitions and General Instructions are an integral part of Plaintiff's discovery.  The terms used throughout this discovery shall be understood and responded in accordance with their given definitions.  If no definition is provided, the term is to be given its generally accepted definition.

**DEFINITIONS**

1. "Plaintiff" shall refer to Plaintiff River Chiropractic and Wellness Center, LLC, as referenced in the Complaint.

**Exhibit 1**

2.  "Defendant" or "Bankroll" shall refer to Defendant in this action, Defendant Bankroll Capital, Inc who conducted business in the State of Ohio by soliciting Plaintiff's office with a marketing facsimile, as discussed in the Complaint.

3.   The "Facsimile" shall refer to the two-page facsimile that was sent to Plaintiff on July 24, 2018 and is attached as Exhibit 1 to Plaintiff's Complaint.

4.  "Existing business relationship" shall follow the definition set forth in 47 C.F.R. § 64.1200 (f)(6).

5.  "You" or "Your" shall refer to Defendant, the entity responding to discovery for Defendant, and any officer, employee, representative, or agent acting on behalf of Defendant.

6.  The "TCPA" shall refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

7.  "Document" is used in a comprehensive sense and shall mean all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or reproduction, signed, sent, received, redrafted, or re-executed, including, but not limited to, written communications, including intra-corporate communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, motion pictures, tape or sound recordings, contracts, agreements, purchase or sale orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, reports, bulletins, circulars, instructions, work assignments, notebooks, sketches, drawings, prints, drafts, work sheets, advertisements, catalogs, invoices, signs, studies, bills, receipts, loan sheets, checks, checkbooks, invoices, requisitions, personal expense accounts, or material similar to any of the foregoing, and non-paper information storage such as computer tape or film, computer disks or other computer memory device in readable form, however denominated and by whomever prepared and to whomever addressed, which are in your

possession, custody or control or to which you have, have had, or can obtain access. "Document" shall not include exact duplicates when originals are available but shall include all copies made different from originals by virtue of being organized, maintained, stored, or categorized in a substantially different manner or place than the originals or other duplicate.

8. The term "related to" means contains, records, discusses, mentions, notes, evidences, constitutes, concerns, memorializes, analyzes, describes, comments upon, refers or relates in any way to the matter set forth.

## **INTERROGATORIES**

INTERROGATORY NO. 1:    Please identify by name, business address, telephone number, and employment position, each person answering these Interrogatories.

**ANSWER:**


INTERROGATORY NO. 2:    To how many individuals and/or business entities in the United States did You send a facsimile in the form of the Facsimile and/or a form substantially similar thereto, for each year during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**


INTERROGATORY NO. 3:    Please identify, all individuals and/or business entities in the United States, to which You faxed a facsimile in the form of the Facsimile and/or a form substantially similar thereto, during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**

INTERROGATORY NO. 4:    Of the individuals identified in response to the Previous Interrogatory, please identify the ones with whom, at the time of sending the facsimile, You did not have an existing business relationship or You do not have evidence of having received the recipient's consent to receive the facsimile.

**ANSWER:**


INTERROGATORY NO. 5:    Please identify all other versions of facsimiles sent by You to individuals and/or business entities in the United States for marketing purposes, during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**


INTERROGATORY NO. 6:    Please identify the person(s) at Bankroll most responsible for and/or most knowledge about the marketing facsimiles sent by You or on Your behalf, including how the individuals and offices to which You send Your facsimiles are selected, what information You require to be included in Your facsimiles, how the facsimile templates are designed, the technology, services and software used to send Your facsimiles, and Your policies and procedures to comply with federal law.

**ANSWER:**

INTERROGATORY NO. 7:    Please identify any and all policies and procedures, guidelines, reference materials, training resources, and other Documents, You use to ensure the facsimiles You use to market Bankroll to individuals and businesses in the United States comply with Your policies and federal law.

**ANSWER:**


INTERROGATORY NO. 8:    Please identify with specificity any and all policies of insurance which could cover any claim in this Action.

**ANSWER:**


INTERROGATORY NO. 9:    Please explain the methodology Your used for selecting Plaintiff as a recipient of the Facsimile, identifying any database, platform, search engine, program, Document, or other research tool or manner that You used to find and select Plaintiff as a recipient of The Facsimile.

**ANSWER:**


INTERROGATORY NO. 10:   Please identify all the processes used by You to send facsimiles, including, without limitation, any and all marketing, telecommunication, facsimile software programs, hardware devises, modems, telecommunication services, facsimile machines, internet services, other programs, other services, and/or platforms.

**ANSWER:**

INTERROGATORY NO. 11:    You identify the systems or methods You use to identify, select, and group recipients of Your facsimiles, including, without limitation, any computer systems, databases, programs, or services that You use to store lists of recipients and/or prospective recipients of Your facsimiles.

**ANSWER:**


INTERROGATORY NO. 12:    Please identify telephone numbers used by You to send or receive faxes during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**


INTERROGATORY NO. 13:    Please identify all telecommunication service providers used by You in relation to send and receiving faxes during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**


INTERROGATORY NO. 14:    Please all telecommunication systems and software used by You during the period from July 24, 2012 to July 24, 2018.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

<u>REQUEST NO. 1</u>: Please provide copies of all Documents, which You identified and to which You referred in responding to any Interrogatory or Request for Admission served herewith.

**RESPONSE:**

<u>REQUEST NO. 2</u>: Please provide a copy of all versions of facsimiles send by You, or on your behalf, for marketing purposes in the United States of America during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

<u>REQUEST NO. 3</u>: Please provide copies of any and all spreadsheet, lists, and databases, of the recipients of the facsimiles identified in response to Interrogatories No's. 3 & 4 above.

**RESPONSE:**

<u>REQUEST NO. 4</u>: Please provide a copy of all Documents in Your custody or control that refer to Plaintiff.

**RESPONSE:**

<u>REQUEST NO. 5</u>: Please provide a copy of all policies and procedures with respect to identifying, selecting, and/or sending facsimiles, including, without limitation, any and all such policies as related to marketing, telecommunication operations, and legal compliance.

**RESPONSE:**

REQUEST NO. 6:  Please provide a copy of any and all contracts and/or agreements that you have with any individual, business, or entity, in regarding to sending facsimiles and sending marketing material by facsimile, including, without limitation, services used to develop lists of prospective facsimile recipients, services used to send facsimiles, services used to develop marketing materials, brochures, and flyers, and/or services providing equipment or technology to send facsimiles for the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**


REQUEST NO. 7:  Please provide a copy of any and all correspondence, including emails, for the period from July 24, 2012 to July 24, 2018, with any individual, business, or entity identified in response to the previous request.

**RESPONSE:**


REQUEST NO. 8:  Please provide proof of payment to any entity listed in response to Request No. 6, from July 24, 2012 to July 24, 2018.

**RESPONSE:**


REQUEST NO. 9:  Please provide copies of all telephone records (including without limitation, all billing statements, call logs, fax logs, and records of incoming and outgoing calls) for any telephone numbers used by You to send or receive a facsimile for the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION 1:    Admit that the Facsimile, attached as Ex. 1 to the Complaint, is a true and accurate copy of the facsimile sent by You/on Your behalf to Plaintiff.

**RESPONSE:**

REQUEST FOR ADMISSION 2:    Admit that Plaintiff did not provide You its fax number.

**RESPONSE:**

REQUEST FOR ADMISSION 3:    Admit that You obtained Plaintiff's fax number from a source other than from Plaintiff.

**RESPONSE:**

REQUEST FOR ADMISSION 4:    Admit that Plaintiff did not provide its consent to You to transmit the Facsimile to Plaintiff.

**RESPONSE:**

REQUEST FOR ADMISSION 5:    Admit that Plaintiff had not purchased any of Your loan services prior to Your sending the Facsimile to Plaintiff.

**RESPONSE:**

<u>REQUEST FOR ADMISSION 6:</u>    Admit that Plaintiff had not requested to receive information on your loan services prior to You sending the Facsimile to Plaintiff.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 7:</u>    Admit that You sent the Facsimile to Plaintiff with the intent of selling your services to Plaintiff or its patients.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 8:</u>    Admit that You sent the Facsimile to Plaintiff with the intent of selling Your services to someone to whom Plaintiff might forward Your information.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 9:</u>    Admit that receiving the Facsimile cost Plaintiff paper, ink, and toner.

**RESPONSE**:


<u>REQUEST FOR ADMISSION 10:</u>  Admit that receiving the Facsimile cost Plaintiff time and labor to retrieve and review the Facsimile.

**RESPONSE**:

REQUEST FOR ADMISSION 11:  Admit that You faxed or hired another person or business entity to fax the Facsimile on Your behalf to Plaintiff.

**RESPONSE:**

REQUEST FOR ADMISSION 12:  Admit that You, or another person or business entity hired by You, sent facsimiles to individuals and business entities in the U.S. for marketing purposes the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

REQUEST FOR ADMISSION 13:  Admit that You faxed, or hired another person or business entity to fax, the Facsimile (or a substantially-similar version thereof) to individuals and/or businesses in the U.S. during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

REQUEST FOR ADMISSION 14:  Admit that You or your agent faxed, or caused to be faxed, the Facsimile, or a substantially-similar version thereof, to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, on at least 50 occasions.

**RESPONSE:**

REQUEST FOR ADMISSION 15:  Admit that You or your agent faxed, or caused to be faxed, the Facsimile, or a substantially-similar version thereof, to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, on at least 100 occasions.

**RESPONSE:**

<u>REQUEST FOR ADMISSION 16:</u>  Admit that You or your agent faxed, or caused to be faxed, the Facsimile, or a substantially-similar version thereof, to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, on at least 150 occasions.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 17:</u>  Admit that You or your agent faxed, or caused to be faxed, the Facsimile, or a substantially-similar version thereof, to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, on at least 200 occasions.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 18:</u>  Admit that on at least 50 occasions, You faxed or caused to be faxed a facsimile, to an individual and/or business in the U.S. that included a brochure or information regarding Your services and/or loans, and Your contact information during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**


<u>REQUEST FOR ADMISSION 19:</u>  Admit that on at least 100 occasions, You faxed or caused to be faxed a facsimile, to an individual and/or business in the U.S. that included information regarding Your services and/or loans, and Your contact information during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

REQUEST FOR ADMISSION 20:  Admit that on at least 150 occasions, You faxed or caused to be faxed a facsimile, to an individual and/or business in the U.S. that included information regarding Your services and/or loans, and Your contact information during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**


REQUEST FOR ADMISSION 21:  Admit that on at least 200 occasions, You faxed or caused to be faxed a facsimile, to an individual and/or business in the U.S. that included information regarding Your services and/or loans, and Your contact information during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**


REQUEST FOR ADMISSION 22:  Admit that on at least 50 occasions, You faxed or caused to be faxed, a facsimile to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, containing information regarding Your business, without having had a prior business relationship with the recipient or having received the consent of the recipient to transmit the facsimile to them.

**RESPONSE:**

REQUEST FOR ADMISSION 23:  Admit that on at least 100 occasions, You faxed or caused to be faxed, a facsimile to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, containing information regarding Your business, without having had a prior business relationship with the recipient or having received the consent of the recipient to transmit the facsimile to them.

**RESPONSE:**


REQUEST FOR ADMISSION 24:  Admit that on at least 150 occasions, You faxed or caused to be faxed, a facsimile to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, containing information regarding Your business, without having had a prior business relationship with the recipient or having received the consent of the recipient to transmit the facsimile to them.

**RESPONSE:**


REQUEST FOR ADMISSION 25:  Admit that on at least 200 occasions, You faxed or caused to be faxed, a facsimile to an individual and/or business in the U.S. during the period from July 24, 2012 to July 24, 2018, containing information regarding Your business, without having had a prior business relationship with the recipient or having received the consent of the recipient to transmit the facsimile to them.

**RESPONSE:**

REQUEST FOR ADMISSION 26:  Admit that You or Your agent sent facsimiles to businesses and/or individuals in the U.S. to inform about Your business during the period from July 24, 2012 to July 24, 2018.

**RESPONSE:**

REQUEST FOR ADMISSION 27:  Admit that You have faxed individuals and/or business in the U.S., the Facsimile, or a substantially-similar version thereof, during the period from July 24, 2012 to July 24, 2018, without first receiving prior consent of the recipient or having an existing business relationship with them.

**RESPONSE:**

REQUEST FOR ADMISSION 28:  Admit that You have faxed individuals and/or businesses in the U.S., a facsimile during the period from July 24, 2012 to July 24, 2018, where the facsimile did not include a provision to opt out of receiving facsimiles.

**RESPONSE:**

REQUEST FOR ADMISSION 29:  Admit that You did not have any procedures or policies in place during the period from July 24, 2012 to July 24, 2018, to avoid sending facsimiles to individuals and/or businesses in the U.S., which had did not given their consent to receive the facsimile or which did not have an existing business relationship with You.

**RESPONSE:**

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 5th day of February 2021, a copy of the foregoing was sent via

electronic mail and regular and certified U.S. Mail to the following:

Bankroll Capital, Inc.
c/o Narin Charan, CEP
500 Technology Drive, Suite 350
Irvine, CA 92618

Narin Charan, CEO of Bankroll Capital, Inc.
121 Turquoise
Irvine, CA 92620
narin@bankroll.io

<div style="margin-left: 45%;">

*/s/ Ronald I. Frederick*_____
Ronald I. Frederick (#0063609)
*One of the Attorneys for Plaintiff River*
*Chiropractic and Wellness Center, LLC*

</div>



**From:** Michael Fine
**Sent:** Thursday, February 11, 2021 10:57 AM
**To:** Narin Charan <narin@bankroll.io>; Ashley Schoonover <ashleys@clevelandconsumerlaw.com>
**Cc:** Ronald Frederick <ronf@clevelandconsumerlaw.com>; Michael Berler <mikeb@clevelandconsumerlaw.com>;
Connie Walker <conniew@clevelandconsumerlaw.com>; Jacquelyn Frederick <jacquelynf@clevelandconsumerlaw.com>
**Subject:** RE: Plaintiff's First Set of Discovery - River Chiropractic and Wellness Center, LLC v. Bankroll Capital, Inc.

Dear Mr. Charan,

Thank you for the note below.

While I appreciate your stated position that we have the wrong party, we do have evidence linking your company to the
marketing faxes at issue.

In any event, the litigation was initiated and is ongoing.  Accordingly, we are committed to moving through the process,
and Bankroll is the named defendant.  Also, the discovery requests have deadlines and procedures imposed by the rules
and can be reviewed on the court's website.

In this matter, the court has already issued a number of orders, including an entry of default.  I would respectfully ask
that you review that court docket to properly see the status of the case.  Further, our office would be grateful if you had
legal counsel follow up with us about the status of the case, the discovery requests sent to you, and your client of
noninvolvement.

Respectfully,


Michael L. Fine
Cell: 216-691-9775



*Michael L. Fine, Esq.*

**FREDERICK
&BERLER LLC**

Frederick & Berler, LLC
767 E. 185th St.
Cleveland, OH  44119
Phone:(216) 502-1055
Fax:    (216) 566-9400
MichaelF@clevelandconsumerlaw.com

**Exhibit 2**

**From:** Narin Charan <narin@bankroll.io>
**Sent:** Friday, February 5, 2021 4:22 PM
**To:** Ashley Schoonover <ashleys@clevelandconsumerlaw.com>
**Cc:** Ronald Frederick <ronf@clevelandconsumerlaw.com>; Michael Berler <mikeb@clevelandconsumerlaw.com>;
Michael Fine <michaelf@clevelandconsumerlaw.com>; Connie Walker <conniew@clevelandconsumerlaw.com>;
Jacquelyn Frederick <jacquelynf@clevelandconsumerlaw.com>
**Subject:** Re: Plaintiff's First Set of Discovery - River Chiropractic and Wellness Center, LLC v. Bankroll Capital, Inc.

Hi there.

With all due respect, you are completely wasting your time and resources on this matter.

As I stated in my email to you on April 6, 2020, Bankroll does not have any record of River Chiropractic and Wellness, LLC. We are not associated with Ohio Business Loans or the phone number listed in your fax exhibit.

Bankroll was not even in operation during the dates July 24, 2012 to July 24, 2018.

To even say that we rarely use fax for communications is an overstatement. We receive 1-2 faxes per month and send zero faxes per month. We use hellofax.com in these extremely rare instances.

I'm not trying to be confrontational. I'm actually trying to help you guys out here.

On Fri, Feb 5, 2021 at 12:43 PM Ashley Schoonover <ashleys@clevelandconsumerlaw.com> wrote:

Good Afternoon Mr. Charan,

Attached please find Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents, ESI, and Tangible Things Propounded on Defendant Bankroll Capital, Inc. in Word and PDF formats for the case of River Chiropractic and Wellness Center, LLC v. Bankroll Capital, Inc. Northern District of Ohio, Case No. 1:20-cv-00688.

Please be advised a copy of these requests have been mailed to you as well.

Thank You,

Ashley M. Schoonover, Paralegal



Frederick & Berler, LLC

767 East 185th Street

Cleveland, OH 44119

Tele: 216-502-1055

Fax: 216-609-0750

Email: ashleys@clevelandconsumerlaw.com

--
Narin Charan
CEO at Bankroll