*[Handwritten stamp: GRANTED: X DENIED: ___ IT IS SO ORDERED. /s/ Donald C. Nugent 4/2/21, U.S. DISTRICT JUDGE; notation "w/out objection"]*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO 1:20-CV-00688-DCN <br><br> JUDGE DONALD C. NUGENT <br><br> **DEFENDANT BANKROLL CAPITAL, INC.'S <u>UNOPPOSED</u> MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO RESPOND TO COMPLAINT** *INSTANTER* |
| Plaintiff, | | |
| vs. | | |
| BANKROLL CAPITAL, INC., | | |
| Defendant. | | |

Pursuant to Federal Rule of Civil Procedure 55(c)[1], Defendant Bankroll Capital, Inc. ("Bankroll") submits this Motion to Set Aside Entry of Default and For Leave to Respond to Complaint *Instanter*. Good cause exists for the requested relief to be granted because each of the three factors for setting aside a default are present.

First, Plaintiff River Chiropractic and Wellness Center, LLC ("Plaintiff") does not oppose the present motion and therefore will not incur prejudice from the minimal delay. Second, Bankroll has multiple meritorious defenses to the Complaint because, amongst other things, Bankroll did not to send the at-issue supposed facsimile to Plaintiff, did not hire any third-parties that could have sent the supposed fax, and was not even business when the alleged fax at issue was sent in July of 2018. *See Health One Med. Ctr. v. Mohawk, Inc.*, 889 F.3d 800 (6th Cir. 2018). And that is all assuming the document attached to Plaintiff's Complaint was actually a fax in the first place, which it was not. *See ARcare, Inc. v. Centor U.S. Holdings, Inc.*, No. 3:17CV891, 2017 U.S. Dist. LEXIS 111588 (N.D. Ohio July 18, 2017).

---

[1] Bankroll Capital, Inc. alternatively moves under Rule 60(b) for the reasons stated in footnote 1 of the accompanying Memorandum in Support, incorporated herein.