## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC, | ) ) | CASE NO 1:20-CV-00688-DCN |
| | ) | |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) ) | **ANSWER OF DEFENDANT BANKROLL CAPITAL, INC.** |
| | ) | |
| BANKROLL CAPITAL, INC., | ) ) | *Jury Demand Endorsed Hereon* |
| Defendant. | ) | |
| | ) | |

Defendant Bankroll Capital, Inc. ("Bankroll") hereby answers the Class Action Complaint ("Complaint") of Plaintiff River Chiropractic and Wellness Center, LLC ("Plaintiff") as follows:

### INTRODUCTION

1.      Bankroll admits that Plaintiff's First Claim for Relief purports to allege violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 et seq. Bankroll denies liability under the TCPA. Paragraph 1 of the Complaint also alleges legal conclusions or characterizations to which no response is required. To the extent a response is required, Bankroll denies any remaining allegations contained in Paragraph 1 of the Complaint.

### PARTIES

2.      Bankroll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the allegations.

3.      Bankroll admits the allegations contained in Paragraph 3 of the Complaint.

4.      Bankroll admits that it is not registered to do business in Ohio. Bankroll denies the remaining allegations contained within Paragraph 4 of the Complaint.

5.      Bankroll admits that it operates as a financial technology company that provides small businesses access to funding. Bankroll denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Bankroll admits the allegations contained within Paragraph 6 of the Complaint.

7.      Bankroll denies the allegations within Paragraph 7 of the Complaint.

8.      Bankroll admits the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION

9.      Bankroll admits the allegations contained in Paragraph 9 of the Complaint

10.      Bankroll denies the allegations contained in Paragraph 10 of the Complaint.

## FACTS

11.      Bankroll denies the allegations contained in Paragraph 11 of the Complaint.

12.      Bankroll admits that the text of Exhibit 1 speaks for itself, and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.      Bankroll admits that the text of Exhibit 1 speaks for itself, and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.      Bankroll admits that it has no employees in Ohio. Bankroll is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15.      Bankroll denies the allegations contained within Paragraph 15 of the Complaint.

16.      Bankroll admits that it had no business relationship with Plaintiff. Bankroll is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     Bankroll admits that the text of Exhibit 1 speaks for itself, and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Bankroll denies the allegations contained within Paragraph 18 of the Complaint.

19.     Bankroll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies those allegations.

## CLASS ALLEGATIONS

20.     Bankroll admits that Plaintiff is bringing this case as a putative class action, seeking to represent the class described within Paragraph 20 of the Complaint. Bankroll denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for class-wide treatment. Bankroll denies each and every remaining allegation set forth Paragraph 20 of the Complaint.

21.     Bankroll denies the allegations contained in Paragraph 21 of the Complaint.

22.     Bankroll denies the allegations contained in Paragraph 22 of the Complaint.

23.     Bankroll denies the allegations contained in Paragraph 23 of the Complaint.

24.     Bankroll is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the allegations.

25.     Bankroll denies the allegations contained in Paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
Violation of 47 U.S.C. § 227
(On behalf of Plaintiff and the Class)

26.     Bankroll incorporates all preceding admissions and denials as if fully rewritten herein.

3

27.     The allegations contained in Paragraph 32[1] of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Bankroll denies each and every allegation in this Paragraph and directs this Court to the TCPA for its actual content, full text, and legislative history.

28.     Bankroll denies the allegations contained in Paragraph 33 of the Complaint.

29.     Bankroll denies the allegations contained in Paragraph 34 of the Complaint.

30.     Bankroll denies the allegations contained in Paragraph 35 of the Complaint.

31.     Bankroll denies the allegations contained in Paragraph 36 of the Complaint.

32.     The allegations contained in Paragraph 36 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Bankroll denies each and every allegation in this Paragraph.

## PRAYER FOR RELIEF

Bankroll denies that there is any factual or legal basis for the claim alleged, for the relief sought, or for class-wide treatment. Bankroll denies each and every remaining allegation set forth in this Paragraph.

## AFFIRMATIVE DEFENSES

Defendant Bankroll Capital, Inc. ("Bankroll") asserts the following affirmative and other defenses to Plaintiff's Complaint. Bankroll reserves the right to amend this Answer and these

---

[1] Plaintiff's Complaint contains no Paragraphs numbered 26–30. The Complaint erroneously jumps from Paragraph 25 to Paragraph 31.

Affirmative Defenses to assert any and all such defenses that may become known or available in the course of further investigation, discovery, or litigation.

## FIRST DEFENSE
(Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Bankroll because Bankroll is not located in Ohio, has no business presence in Ohio, and did not send any faxes to Plaintiff. This Court lacks jurisdiction over the claims of out-of-state putative class members because personal jurisdiction here is predicated solely on specific jurisdiction.

## SECOND DEFENSE
(Improper Venue)

Venue for this claim is improper as Bankroll is not located in Ohio, has no business presence in Ohio, and did not sent any faxes to Plaintiff.

## THIRD DEFENSE
(Prior Express Consent)

Plaintiff's claim, and the claims of putative class members, are barred because it and/or an employee or agent provided prior express invitation or permission to receive the alleged facsimile transmission attached as Exhibit 1 to the Complaint. To be clear, Bankroll denies having sent Plaintiff the alleged fax at issue (or any faxes). However, to the extent that Bankroll has ever sent a fax to anyone, it has been with prior express consent, invitation, or permission.

## FOURTH DEFENSE

(Statute of Limitations)

Plaintiff's claim, and the claims of the putative class members, are barred by the applicable statute of limitations.

5

.

## JURY DEMAND

Defendant Bankroll Capital, Inc., by and through counsel, hereby demands a jury trial on all issues so triable, by the maximum number of jurors permitted by law.

/s/ David M. Krueger
DAVID M. KRUEGER
*One of the attorneys for Defendant Bankroll Capital, Inc.*

Respectfully submitted,

/s/ David M. Krueger
DAVID M. KRUEGER (0085072)
JOHN N. DAGON (0098128)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  dkrueger@beneschlaw.com
          jdagon@beneschlaw.com

*Attorneys for Defendant Bankroll Capital, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

*/s/ David M. Krueger*
DAVID M. KRUEGER
*One of the attorneys for Defendant Bankroll Capital, Inc.*