IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BANKROLL CAPITAL, INC.,<br><br>Defendant. | ) CASE NO 1:20-CV-00688-DCN<br>)<br>) JUDGE DONALD C. NUGENT<br>)<br>) **DEFENDANT BANKROLL CAPITAL,**<br>) **INC.'S MOTION FOR SUMMARY**<br>) **JUDGMENT**<br>)<br>)<br>)<br>) |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Bankroll Capital, Inc. ("**Bankroll**") moves the Court to enter summary judgment in its favor on the grounds that there are no genuine issues of material fact and Bankroll is entitled to judgment as a matter of law. Plaintiff's claim against Bankroll under the Telephone Consumer Protection Act, 47 U.S.C. § 227 fails as Bankroll did not send the allegedly unsolicited fax at issue. For that matter, the at-issue document does not appear to be a genuine fax and Plaintiff's own phone records show that there was no fax transmission as alleged. Accordingly, Plaintiff cannot even establish that it was sent the at-issue document though a facsimile transmission.

A Memorandum in Support is attached.

Respectfully submitted,

*/s/ David M. Krueger*
DAVID M. KRUEGER (0085072)
JOHN N. DAGON (0098128)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Email:  dkrueger@beneschlaw.com
            jdagon@beneschlaw.com

*Attorneys for Defendant Bankroll Capital, Inc.*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION & PLAINTIFF'S ALLEGATIONS**

On July 24, 2018, Plaintiff alleges that it received a one-page unsolicited fax ("**Purported Fax**"). (Compl. at ¶¶ 11–12). The Purported Fax offered Plaintiff a $250,000 line of credit from a business named Ohio Business Loans. (*Id.* at ¶¶ 12–13, citing Compl., Exhibit A.) The fax does not identify Bankroll in any way, but contained a call-back number of 440-965-6238 for a person named Joshua. (*Id.*) Plaintiff alleges "upon information and belief" that the call-back number belonged to Bankroll. (*Id.* ¶¶ 14-15.) Plaintiff alleges that the fax violated Section 227(b)(1)(C) of the Telephone Consumer Protection Act 47, U.S.C. § 227 ("**TCPA**"), which prohibits sending unsolicited fax advertisements (subject to certain exceptions). (Compl. ¶¶ 32-33.)

Bankroll is entitled to summary judgment for two reasons. First, Plaintiff cannot establish that it was actually sent the Purported Fax by anyone (let alone Bankroll). The Purported Fax does not actually even appear to be a genuine fax at all, lacking any indicia of a fax transmission, and Plaintiff's own phone records establish that Plaintiff was not sent any fax on the day alleged. Second, and even more fundamentally, even if the Purported Fax were genuine, Bankroll did not send it. Bankroll was not even in business at the time the Purported Fax was sent.

**II.      FACTS**

    **A.      THE PURPORTED FAX**

Plaintiff is the subscriber to telephone number 440-409-0910 (the "**x0910 Number**"), the number at which Plaintiff allegedly received the fax at issue in this case. (Pl.'s Rule 30(b)(6) Dep., pp. 17:20-23, 18:17-19:7, 29:1-19, Dec. 9, 2021, attached as "**Exhibit 1**"); (*see also* Pl.'s Interrogatory Resp No. 5, attached as "**Exhibit 2**.")

On July 24, 2018, Plaintiff alleges it received the Purported Fax on its x0910 Number.



(*See* Exhibit 1 pg. 17:4-19, citing above Purported Fax, attached as "**Exhibit 3**" pg. 1.)

The Purported Fax states it is from Ohio Business Loans, and provides a call back number, with a local area code, of 440-965-6238 for a person named "Joshua." (Ex. 1 pg. 31:3-16); (Ex. 3.) The Purported Fax does not mention Bankroll anywhere. (Ex. 1 pg. 38:7-19); (Ex. 3.) Plaintiff did not call the call-back number listed on the fax and does not know if anyone else from her office ever called that number. (Ex. 1 pp. 39:7-23, 46:17-24.)

Plaintiff admits that when it receives faxes, the faxes contain a "header" showing the Caller ID of the sender and displaying the date and time of transmission. (Ex. 1 pg. 34:17-25.) The Purported Fax does not have any such information. (Ex. 3.) Plaintiff does not know why the version of the Purported Fax it produced does not have that information, and also does not know if the original Purported Fax had that information. (Ex. 1 pg. 35:1-7, 50:15-22.) Plaintiff does not know what the Caller ID or transmission number was for the Purported Fax. (Ex. 1 pg. 30:16-18.)

15323235 v1

Despite alleging that the Purported Fax was sent to it on July 24, 2018, Plaintiff admits that its phone records do not show any fax transmission to it on that date (from Bankroll or anyone else). (Ex. 1 pp. 51:6-52:21, discussing Ex. 3 pp. 3-5.) Bankroll also pursued specific discovery requests seeking evidence of the date, time, sender, and transmission number of the Purported Fax:

> 5. For the telephone number at which You received the Purported Fax as identified in Paragraph 11 of the Complaint, identify the telephone facsimile number, the subscriber to that number, the telephone facsimile carrier or provider for that number, and the date when You procured that number.
>
> **RESPONSE:** See attached records for (440) 409-0910
>
> …
>
> 7. Identify the telephone facsimile number from the Purported Fax was allegedly sent.
>
> **RESPONSE:** See attached records

(*See* Ex. 2.)

Ultimately, however, Plaintiff admits that its records do not show any fax from Bankroll:

> Q. But the records we were just looking at a moment ago in Exhibit 3 don't show any fax or fax from Bankroll, does it?
>
> …
>
> A. Yeah, I can't -- I can't answer that. I don't go through and call the numbers off of my phone bill.
>
> Q. If that's the case, why does your response say "see attached records"? So I asked you to identify the fax number from which you claim Bankroll sent the fax, and you, River Chiropractic, instructed me to see attached records.
>
> A. Okay.
>
> Q. So I'm asking you, show me where in the attached records I can find that information. Can you show me in the attached records where I can find that information?
>
> A. No.

3

(Ex. 1 pp. 54:7-55:2.)

The Purported Fax does not mention Bankroll or contain any indicia in any way of being associated with Bankroll. For that matter, Plaintiff cannot even show that the Purported Fax was a fax it ever, in fact, received. It contains no indicia of being a bona fide fax and there is no evidence that anyone sent Plaintiff a fax (let alone the Purported Fax) on July 24, 2018, as Plaintiff ultimately conceded.

### B. BANKROLL DID NOT SEND THE PURPORTED FAX

Bankroll did not send the Purported Fax. (*See* Decl. of Narin Charan, attached as "**Exhibit 4**." To start, Bankroll was not even in business on July 24, 2018, and did not begin to operate as a business until September of 2018. (*Id.* ¶¶ 2-5.)

Bankroll has never done business as, or been affiliated with any entity doing business as, "Ohio Business Loans," does not have any employees named Joshua, and has no affiliation with, and has never used, the call-back number listed on the Purported Fax. (*Id.* ¶¶ 6-11.) Bankroll has never sent any fax to Plaintiff, and has never sent anything that looks like the Purported Fax to Plaintiff or anyone else. (*Id.* ¶¶ 12-15.)

### III. LAW AND ARGUMENT

#### A. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the evidence submitted shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party possesses the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001).

Once the moving party establishes its burden, the non-movant "must present *affirmative evidence* in order to defeat" summary judgment, and must "do more than simply show that there

is some metaphysical doubt as to the material facts" in question. *In re Dollar Corp.*, 25 F.3d 1320, 1322-23 (6th Cir. 1994) (emphasis in original). This analysis requires the district court to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*

### B. LIABILITY UNDER TCPA SECTION 227(B)(1)(C)

Plaintiff alleges that Bankroll violated Section 227(b)(1)(C) of the TCPA, (Compl. ¶ 32), which prohibits a person from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain (not applicable) conditions are met. 47 U.S.C. § 227(b)(1)(C).

In relevant part for purposes of this Motion, a plaintiff must prove that the defendant: (1) was the "sender" of the fax; and (2) that the fax was in fact transmitted to the plaintiff and that the transmission occupied the plaintiff's telephone line and fax machine. *See, e.g.*, *ARcare, Inc. v. Centor U.S. Holdings, Inc.*, No. 3:17-CV-891, 2017 U.S. Dist. LEXIS 111588, *4-5 (N.D. Ohio July 18, 2017); *Licari Family Chiropractic v. Works*, No. 8:16-cv-3461, 2021 U.S. Dist. LEXIS 193387, *22 (M.D. Fla. Jan. 11, 2021).[1]

### C. PLAINTIFF HAS NO EVIDENCE THAT IT WAS EVER SENT THE PURPORTED FAX (BY ANYONE)

Fundamental to a claim under Section 227(b)(1)(C) of the TCPA is proof that the plaintiff was, in fact, sent a fax. *Licari*, *supra*. In granting a motion to dismiss based on a similar purported fax in *ARcare, Inc.*, Judge Carr concluded:

> ARcare does not allege when it received a fax from Centor. It does not allege the fax number from which that fax originated. And it does not allege the number to which ARcare transmitted the fax. There is simply no basis, other than ARcare's say-so, to link Centor to the alleged TCPA violation.

---

[1] There are other elements to a claim under Section 227(b)(1)(C), including proof that the fax was unsolicited and an advertisement. These allegations will be assumed true for now as they are irrelevant to the issues in this Motion.

> Nor does the exhibit to ARcare's complaint make the claim any more plausible.
>
> Most importantly, this "fax" does not contain the required header, *see* 47 U.S.C. § 227(d)(1)(B), indicating the name of the person or entity that sent the fax, the number from which the fax originated, or the date and time of the transmission. The exhibit, then, provides little to no support for ARcare's contention that it was the defendants, as opposed to some other entity, that transmitted a fax to it.

*ARcare, Inc.*, 2017 U.S. Dist. LEXIS 111588 at \*7.

The same is true here. The Purported Fax does not even appear to be a bona fide fax transmission in the first place (let alone from Bankroll, as discussed in the next section). It does not contain any information indicating that it is a fax that Plaintiff actually received, does not show the transmission number from which the Purported Fax was sent, does not show the number on which the Purported Fax was actually received, or the date and time of alleged transmission.

And while Plaintiff's Complaint alleges that the fax was sent on July 24, 2018, Plaintiff, relying on its own phone records, ultimately admits that its records do not show *any* faxes to it on that date, let alone any faxes purportedly from Bankroll. (Ex. 1 pp. 51:6-52:21, 54:7-55:2.) Plaintiff's owner was simply handed the Purported Fax by its front-desk receptionist. (Ex. 1 pp. 31:21-32:7.) Yet, despite Plaintiff's assistant supposedly receiving the Purported Fax that morning, Plaintiff's own phone records confirm that Plaintiff was never sent anything, by anyone, that day. *See, e.g.*, *Huffman v. Dish Network, LLC*, No. 15-cv-02274, 2016 U.S. Dist. LEXIS 91474, \*10-13 (W.D. Tenn. July 14, 2016) (granting summary judgment in the defendant's favor in TCPA claim when, despite the plaintiff's assertions, the plaintiff's own phone records showed that no calls were made to the plaintiff).

### D. BANKROLL DID NOT SEND THE PURPORTED FAX

Equally fundamental to a TCPA claim under Section 227(b)(1)(C) is that there must be evidence that the defendant sent the fax (whether directly or through third-party with authority). *See, e.g.*, *ARcare, Inc.*, 2017 U.S. Dist. LEXIS 111588 at \*5, 9-10.

6

The Purported Fax does not identify Bankroll anywhere as the sender or advertise its services, and Bankroll has no affiliation with any of the names or telephone numbers on the Purported Fax. (Ex. 1 pp. 38:7-19, 39:7-23, 46:17-24); (Ex. 3); (Ex. 4 ¶ 6-11.) Bankroll was not even in business when Plaintiff received the Purported Fax. (Ex. 4 ¶ 12.) And Bankroll has never engaged in any fax marketing, whether directly or through a third-party. (*Id.* ¶ 14.) Simply put, Bankroll did not send the Purported Fax to Plaintiff. (*Id.* ¶¶ 13-15.)

### IV. CONCLUSION

Bankroll's Motion should be granted.

Respectfully submitted,

*/s/ David M. Krueger*
DAVID M. KRUEGER (0085072)
JOHN N. DAGON (0098128)
**BENESCH, FRIEDLANDER, COPLAN &
 ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  dkrueger@beneschlaw.com
           jdagon@beneschlaw.com

*Attorneys for Defendant Bankroll Capital, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ David M. Krueger*
DAVID M. KRUEGER
*One of the attorneys for Defendant Bankroll Capital, Inc.*