UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIVER CHIROPRACTIC AND WELLNESS CENTER, LLC, | ) ) ) | CASE NO. 1:20-cv-00688 |
| Plaintiff, | ) ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| BANKROLL CAPITAL, INC., | ) ) | **AND ORDER** |
| Defendant. | ) ) ) | |

Before the Court is Defendant Bankroll Capital, Inc.'s Motion for Summary Judgment. (Doc. No. 32). The motion is **UNOPPOSED** and **GRANTED**.

### I.  Statement of Facts

Plaintiff River Chiropractic and Wellness Center, LLC ("River Chiropractic") commenced this Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") action on April 1, 2020. (Doc. No. 1, PageID# 1-2.) River Chiropractic complains that it received an unsolicited fax purporting to offer it a $250,000 line of credit from a business named "Ohio Business Loans" on July 24, 2018. (*Id.*) River Chiropractic further alleges that the fax provided a call-back number of (440) 965-6238 for an individual named "Joshua." (*Id.*) River Chiropractic sued Bankroll, alleging that the unsolicited fax advertisement came from Bankroll and was in violation of the TCPA. (*Id.* at PageID# 5.)

The discovery deadline in this matter was December 30, 2021. (*See* Order Granting Doc. 31.) Thereafter, Bankroll filed its Motion for Summary Judgment, as well as a Motion to Decertify Class. (*See* Doc. Nos. 32, 33.)

1

On January 5, 2022, the Court held a status conference and ordered that responses to the pending motions were due by February 7, 2022, with replies due on February 18, 2022. (Doc. No. 34.)  On February 7, 2022, instead of filing responses to Bankroll's motions, River Chiropractic filed a motion seeking leave to amend its complaint and add new party defendants. (Doc. No. 35.) Bankroll opposed River Chiropractic's efforts to amend the complaint and name additional parties. (Doc. Nos. 36, 38.)  After a review of the parties' filings, and for the reasons stated in Bankroll's opposition, the Court denied River Chiropractic's motion for leave to amend the complaint. (Order, March 7, 2022.)  Nearly three months have passed since River Chiropractic was ordered to respond to Bankroll's motions, and nearly two months have passed since River Chiropractic's motion for leave to amend the complaint was denied.  River Chiropractic has not submitted an opposition to Bankroll's Motion for Summary Judgment.[1]

## II. Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The moving party has the burden of production to make a *prima facie* showing that it is entitled to summary judgment, must inform the court of the basis for its motion, and must identify "the portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits,' if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  "The party moving for summary judgment bears the initial burden and that burden may be satisfied by affirmative evidence that negates an element of the non-moving party's claim or by 'an absence of evidence

---

[1] River Chiropractic has also failed to oppose Bankroll's Motion to Decertify Class.

2

to support the non-moving party's case.'" *Shorts v. Bartholomew*, 255 F. App'x 46, 50 (6th Cir. 2007) (quoting *Celotex*, 477 U.S. at 325).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The nonmoving party may not simply rely on its pleading but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(2); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

3

The mere fact that the moving party's summary judgment record is uncontested is not enough to grant summary judgment. *Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 614 (6th Cir. 1998) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded") (internal citation and quotation omitted). "Instead, the court may grant summary judgment only, if after a close examination of the Motion and the documents in support, the court determines that no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law." *Papatheodorou v. Clark*, 781 F. Supp. 2d 582, 586 (N.D. Ohio 2011).

### III. Analysis

The TCPA prohibits a person from using "any telephone facsimile machine… to send… an unsolicited advertisement," unless certain conditions are met. 47 U.S.C. § 227(b)(1)(C). "The elements of a TCPA claim are: (1) use of a facsimile machine (2) to send to a telephone facsimile machine (3) an unsolicited advertisement (4) in the absence of an established business relationship, permission or invitation." *ARcare, Inc. v. Centor U.S. Holdings, Inc.*, No. 3:17-CV-891, 2017 WL 3621809, at *2 (N.D. Ohio July 18, 2017) (quoting *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 707 (D. Md. 2013)). "Sender" is defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10). A defendant may be liable under the TCPA's junk fax provisions only if it sends the fax itself or causes a third party to send the fax on its behalf. *ARcare*, 2017 WL 3621809 at *3-4; *see also Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254 (11th Cir. 2015); *Urb. Elevator Serv., LLC v. Stryker Lubricant Distrib. Inc.*, No. 15-CV-2128, 2015 WL 6736676, at *1 n.2 (N.D. Ill. Nov. 4, 2015).

As previously stated, River Chiropractic did not file a brief in opposition to Bankroll's Motion for Summary Judgment. It is well-established that:

> '[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden.' *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ('[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.' (quoting *Carver v. Bunch*, 946 F.2d 451, 454 55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.' *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). 'The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact.' *Jones v. Kimberly Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

*Knizer v. Costco Wholesale Corp.*, No. 1:20-CV-2776, 2022 WL 204926, at *2 (N.D. Ohio Jan. 24, 2022) (quoting *Din Malik v. Landstar Express Am.*, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021)).

The Court has reviewed the supporting evidence in the record, including the River Chiropractic discovery responses attached to Bankroll's Motion for Summary Judgment. (Doc. Nos. 32-2, 32-3.) The record does not provide any evidentiary support for the claim that River Chiropractic received a fax on July 24, 2018. (*See* Doc No. 32-2, PageID # 190; Doc. No. 32-3, PageID# 193-196; Doc. No. 32-1, PageID# 185-186.) Moreover, Bankroll's declaration states that it "did not send the Purported Fax, or any facsimile to Plaintiff, on July 24, 2018, or at any other time." (Doc. No. 32-4, ¶ 13.) Similarly deficient is the fax itself. The fax River Chiropractic produced does not reflect the standard facsimile banner indicating the phone number of the sender, the number from which the fax was received, or the time and date on which it was transmitted. (*See* Doc. No. 1-1, PageID# 7.) River Chiropractic concedes as much in its deposition. (*See* Doc

No. 32-1, PageID# 177-179, 182.)  Thus, even if the Court were to find that River Chiropractic received a fax on July 24, 2018, which it cannot do because River Chiropractic's own records do not support this conclusion, the record contains no evidence to support that Bankroll was the "sender" for purposes of TCPA liability.  *See, e.g., Bowyer v. City of Lorain*, No. 1:09-CV-1381, 2010 WL 11661394, at *3 (N.D. Ohio June 9, 2010) (granting unopposed motion for summary judgment where allegations in complaint lacked evidentiary support).

This Court has examined the motion and evidence submitted, including records produced by River Chiropractic during discovery, and concludes that Bankroll has carried its burden of proof.  Accordingly, Bankroll's Motion for Summary Judgment is **GRANTED**.  Bankroll's contemporaneously filed Motion to Decertify Class is denied as moot.

**IT IS SO ORDERED.**

Date: May 4, 2022

BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE